1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | **Case No.  1:14-cv-00252-JLT (PC)** |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT AND CLOSING CASE** |
| v. | **(Doc. 11)** |
| ADAMS, | |
| Defendant. | |

## I.   <u>SCREENING ORDER</u>

Plaintiff, Archie Cranford, is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint on February 26, 2014 which was dismissed with leave to amend.  (Docs. 1, 9.)  On March 5, 2014, Plaintiff consented to jurisdiction of U.S. Magistrate Judge.  (Doc. 4.)  On April 3, 2014, Plaintiff submitted the First Amended Complaint which is before the Court for Screening.  (Doc. 11.)

### A.   <u>Screening Requirement</u>

The Court is required to screen complaints brought by detainees seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the detainee has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

///

1

1         **B.**     **Summary of Plaintiff's Complaint**

2         Plaintiff complains of acts that occurred during his detainment at Coalinga State Hospital

3 ("CSH").  Plaintiff alleges that, one night in January of 2103, he began having severe chest pains

4 and was unable to rouse Defendant Tina M. Adams, PT from sleeping at her station. As in his

5 original complaint, Plaintiff asserts claims of dependent adult/elder abuse and neglect under

6 California Welfare and Institutions Code section 15610.57 and seeks a permanent injunction

7 invoking Adams' license to practice in the medical field and monetary damages.

8         Plaintiff was previously given the applicable standards for a claim of deliberate

9 indifference under the Eighth Amendment and told that, without stating a cognizable

10 constitutional claim, his claims for violation of state law may not be pursued in this venue.

11 Despite this, as discussed below, Plaintiff fails to state a cognizable claim for violation of his

12 constitutional rights and appears unable to do so.

13         **C.**     **Plaintiff's Claim – Deliberate Indifference**[1]

14         As stated in the prior screening order, to maintain an Eighth Amendment claim based on

15 medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that

16 failure to treat a prisoner's condition could result in further significant injury or the unnecessary

17 and wanton infliction of pain.  Second, the plaintiff must show the defendants' response to the

18 need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012)

19 (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

20         The existence of a condition or injury that a reasonable doctor would find important and

21 worthy of comment or treatment, the presence of a medical condition that significantly affects an

22 individual's daily activities, and the existence of chronic or substantial pain are indications of a

23 serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v.*

24 *Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc.*

25

26 [1] "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982).  As such, Plaintiff is entitled, at a minimum, to those rights provided to inmates confined in

27 penal institution. *McNeal v. Mayberg*, 2008 U.S. Dist. LEXIS 101926 at *3, 2008 WL 5114650 (E.D.Cal. Dec. 3, 2008).  Thus, the Court is on sound footing in relying upon cases involving incarcerated persons as a constitutional

28 minimum to which Plaintiff is entitled.

1   *v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v.*

2   *County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).  The excruciating chest pain that Plaintiff

3   experienced that night and for which the next shift of medical staff rendered him medical care

4   appears to qualify as a serious medical condition.

5          The second prong requires showing:  (a) a purposeful act or failure to respond to a

6   prisoner's pain or possible medical need and (b) harm caused by the indifference.  *Wilhelm*, 680

7   F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096).  More generally, deliberate indifference "may

8   appear when prison officials deny, delay or intentionally interfere with medical treatment, or it

9   may be shown by the way in which prison physicians provide medical care." *Id.* (internal

10  quotation marks omitted).  "Deliberate indifference is a high legal standard." *Toguchi,* 391 F.3d

11  at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which

12  the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must

13  also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official

14  should have been aware of the risk, but was not, then the official has not violated the Eighth

15  Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*,

16  290 F.3d 1175, 1188 (9th Cir. 2002)).  The fact that Defendant Adams was asleep negates the

17  possibility that she was aware Plaintiff was having severe chest pains and was deliberately

18  indifferent to his condition.

19         At most, Defendant Adams was negligent, but "mere 'indifference,' 'negligence,' or

20  'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*,

21  622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle*, 429 U.S. at 105-06).  *See also Toguchi v. Chung*,

22  391 F.3d 1051, 1060 (9th Cir.2004).

23         Plaintiff may pursue negligence and/or medical malpractice claims against Defendant

24  Adams in state court, but has failed to state a cognizable claim for violation of his constitutional

25  rights to proceed under the original jurisdiction of this Court.

26  **II.    <u>CONCLUSION</u>**

27          For the reasons set forth above, Plaintiff has failed and is unable to state a cognizable

28  claim in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed with prejudice for Plaintiff's failure to state a claim;

2. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **June 6, 2014**                                    **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE